UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACOB K WIEDENMANN,

Defendants.

Case No. CR19-5250 BHS

DETENTION ORDER

THIS MATTER concerns the release or detention of the defendant under the Bail Reform Act, 18 U.S.C. § 3142. The defendant was indicted on June 6, 2019 with: Conspiracy to Distribute Methamphetamine (Count 1) and Possession of Methamphetamine with Intent to Distribute (Count 2). Dkt. 1, Indictment, p. 1-2.

At the hearing, the government appeared through Assistant United States Attorney Andre Penalver. The defendant appeared personally and was represented by counsel, Allyson Barker. The United States Probation and Pretrial Services Office appeared through United States Probation Officer Nick Bassett, and filed both pretrial and supplemental reports. Dkts. 9, 22.

IT IS ORDERED that the defendant:

Shall be detained pursuant to The Bail Reform Act, 18 U.S.C. § 3142.

The Court reviewed the documents in the electronic docket for this matter, including the allegations in the Indictment, and considered the arguments and information presented during the hearing. The defendant is charged with Conspiracy to Distribute Methamphetamine, 21 U.S.C. § 846, and Possession of Methamphetamine with Intent to Distribute, 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B); 18 U.S.C. § 2. Dkt. 1, p. 1-2. These charges trigger a rebuttable presumption of detention, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). The presumption shifts the burden of production to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). However, the prosecution retains the burden of persuasion, *Id.*, and the Bail Reform Act recognizes that release should be the normal course, with "detention prior to trial or without trial [a] carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

If the defendant proffers evidence to rebut the statutory presumption, the Court must consider the presumption weighed with the other factors identified in 18 U.S.C. § 3142(g) to determine if detention should be ordered. *United States v. Hir*, 517 F.3d at 1086. The factors considered are (1) the nature and seriousness of the charges, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

If there is clear and convincing evidence that the defendant poses a danger to others and to the community, or there is a preponderance of the evidence showing that the defendant is a flight risk or may fail to appear for court hearings, the Court must next analyze whether there is a "condition or combination of conditions [that] will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Hir,* 517 F.3d at 1092-93. If no such conditions are found, then the presumption is not rebutted and the defendant shall be detained.

A.  Factors Under 18 U.S.C. § 3142

(1)  Nature and Seriousness of the Charges

In this case, the charges brought against the defendant—conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute—are serious. Dkt. 1, p. 1-2. Defendant is charged, with his co-defendant, of conspiracy to distribute at least 550 grams—over one pound—of a substance containing methamphetamine. *Id*. Defendant is also charged with possession of more than 50 grams of a substance containing methamphetamine. *Id*. Further, after the arrest of the defendant, law enforcement received information that the defendant discarded a firearm under a bridge. Dkt. 22, p. 2. Upon inspection of the location, law enforcement discovered a bag containing a firearm and methamphetamine. *Id*. During the detention hearing, the prosecution noted the gun is being tested for fingerprints but, at this time, the defendant is not charged with any gun-related offenses. Dkt. 1.

Considering the quantity of methamphetamine involved and the charge against the defendant of conspiracy and participation in an operation to distribute methamphetamine, the Court determines the charges against the defendant are serious.

(2) Weight of the Evidence

At this stage in the criminal proceedings, it is difficult to assess the weight of the evidence, and the Court does not rely heavily on this factor in making its determination regarding detention.

(3) History and Circumstances of the Defendant

In analyzing this factor, the Court is required to consider the person's character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct, history relating to substance abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142 (g)(3)(A). The defense asserted that the defendant has family ties in Washington; his father offered that the defendant could reside at his home if he

was released. Dkt. 22, p. 2. The pretrial services report also notes the defendant has siblings in the area, as well as three children from three prior relationships. *Id*.

Regarding employment, the defendant had been unemployed for a few months at the time of his arrest, yet he had been employed relatively consistently since 2013. *Id*. The defendant has a history of alcohol abuse and was using marijuana and methamphetamine prior to his arrest. *Id*. at p. 3. He indicated he used heroin on two occasions in May 2019. *Id*. The defense noted that the defendant has completed voluntary alcohol treatment in the past and he would be willing to voluntarily enter a treatment program again. *Id*.

The defendant's criminal history is extensive, including convictions for driving with a suspended license; assault; malicious mischief; criminal trespass; reckless endangerment; controlled substance violations; and protection order violations – as well as a current protection order prohibiting contact with Heidi and Aiden Wiedenmann (expires May 28, 2020). *Id*. at. 4-8. Further, the record indicates the defendant has failed to comply with court orders. *Id*. In addition to the protection order violations, the defendant has had six bench warrants issued for his failure to appear, one bench warrant for failure to comply with court orders, and has had his probation revoked for incurring new law violations. *Id*. It is the opinion of United States Probation and Pretrial Services that the defendant is a risk of nonappearance based on his extensive history of failing to appear and abide by court orders. *Id*. at p. 8.

Even though the defendant has ties to the community, has completed alcohol treatment in the past, and has family willing to house him if released, the Court determines that the defendant's criminal history, history of nonappearance, and noncompliance with court orders is sufficient to establish by a preponderance of the evidence that the defendant is likely to fail to appear for future court proceedings.

(4)	Danger Posed to Any Person and Community by Release

In this case, there is a danger posed to the community if the defendant were released. At the hearing, the prosecution noted its concern that because the defendant is unemployed, he would resume distributing controlled substances if released. Methamphetamine is a dangerous drug and its continued distribution and use poses a danger to individuals and the community. Further, the defendant has a history of violence, including assault convictions. Dkt. 22, p. 6-7. It is also noted that the defendant's former wife has an active protective order prohibiting the defendant from contacting her. *Id.* at p. 8. Finally, while the defendant says he does not currently own or have access to a firearm, the Assistant U.S. Attorney indicated at the hearing -- and the pretrial services report also contained information indicating -- that the defendant may have recently attempted to hide a firearm under a bridge in a bag. *Id*. at p. 2.

Considering the defendant's charges, past history of violence, and active protective order, the Court determines the government has met it burden to show clear and convincing evidence that the defendant would likely pose a danger to the community if released.

B.	<u>Conditions Would Not Reasonably Assure the Safety of the Community or Appearance in Court</u>

As discussed above, the nature of the defendant's charges, his criminal history, drug and alcohol use, repeated failure to appear for court hearings, and violations of probation and protective orders, indicate that no combination of conditions will reasonably assure the Court that the defendant will not pose a danger to the community and will not fail to appear and otherwise comply with court orders. Even with a stable residence with his father, the record shows repeated failure to follow court orders. In this situation, the Court finds that stable housing and stringent conditions would not mitigate the serious risk of danger or risk of failure to appear.

Considering all of these factors, the Court finds that the statutory presumption of detention was not overcome.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall on order of a Court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, the United States Marshal and to the United States Probation Office and/or Pretrial Services Office.

Dated this 20th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge